IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECRET LINCOLN,<br>Individually, and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>APEX HUMAN SERVICES LLC and<br>MOHAMED SESAY,<br><br>    Defendants. | Case No. 2:22-cv-341<br><br>JURY TRIAL DEMANDED |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff Secret Lincoln, by and through her attorneys, David M. Manes, Esq. and Prabhu Narahari, Esq. of Manes & Narahari LLC, and respectfully brings forth this Motion for Default Judgment on behalf of herself and all those similarly situated, averring as follows:

1. Plaintiff avers the veracity of the facts alleged in the Class Action Complaint for the above captioned matter and incorporates all stated facts herein.

2. On January 27, 2022, Plaintiff fled a timely and appropriate cause of action against Defendant Apex Human Services, LLC, before this Honorable Court alleging violations under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Wage Payment Collection Law ("WPCL"). *See Plaintiff's Exhibit 1.*

3. On or about January 31, 2022, a Summons was issued to Defendant Apex Human Services LLC. *See Exhibit 2.*

4. Mitchell Miller returned an Affidavit of Service in this matter, identifying that Defendant Apex was properly served with Plaintiff's Class Action Complaint on February 3, 2022, at the location of 332 Laurel Avenue, Clifton Heights, Pa 19018, giving Defendant Apex Human Services LLC twenty-one days to respond. Twenty-one days from February 3, 2022 is February 24, 2022. *See Exhibit 3.*

5. Mitchell Miller returned an Affidavit of Service in this matter, identifying that Defendant Apex was properly served with Plaintiff's Class Action Complaint on February 8, 2022, at the location of 204 MacDade Blvd, Yeadon, Pa 19050, giving Defendant Apex Human Services LLC twenty-one days to respond. Twenty-one days from February 8, 2022 is March 1, 2022. *See Exhibit4.*

6. Plaintiff asserts that as of the date of this filing, more than twenty-one days have passed since Defendant Apex Human Services LLC was served Plaintiff's Class Action Complaint.

7. Further, Plaintiff asserts that at this time Defendant Apex Human Services LLC has neither pleaded nor responded to the Class Action complaint and has exhausted the twenty-one-day window allotted to provide such aa response.

8. Plaintiff avers that Defendant Apex Human Services LLC is not a minor, incompetent, nor a member of any military service.

9. Therefore, Plaintiff files this Motion requesting Entry of Default Judgment against Defendant Apex Human Services LLC pursuant to Rule 55(b)(2).

10. Plaintiff additionally requests a hearing with this Court for the sole purpose of determining damages.

WHEREFORE, Plaintiff prays that this Honorable Court consider the above Motion for Default Judgment and grant the relief requested therein. Specifically, Plaintiff prays that this Honorable Court enter a Default Judgment against Defendant Apex Human Service, award all damages available at law and in equity, including:

a. Unpaid wages for hours actually worked, including required compensable travel time;

b. Unpaid overtime for hours worked in excess of 40 per week;

c. Liquidated damages under the FLSA in an amount of 100% of unpaid wages and overtime;

d. Liquidated damages under the WPCL in an amount of 25% of unpaid wages and overtime or a minimum statutory amount of $500 per employee;

e. Damages equal to the burden of the self-employment tax imposed on amounts that were paid by Apex to misclassified workers in an amount of approximately 7.65% (Social Security and Medicare taxes);

f. Damages equal to the actual cost of obtaining liability insurance;

g. Damages equal to the actual cost of obtaining malpractice insurance;

h. Damages equal to the health, dental, and vision insurance that should have been provided by Apex;

i. Damages equal to the paid sick and vacation time that should have been provided by Apex;

j. Damages for lost access to unemployment compensation benefits;

k. Damages for lost access to workers compensation insurance coverage;

l. Attorney's fees and costs; and

    m.    Prejudgment and continuing interest; and

    n.    Any other relief that the Court deems necessary and proper

        Respectfully Submitted,

<u>/s/ David M Manes</u>
David M. Manes, Esq.
Prabhu Narahari, Esq.
**MANES & NARAHARI, LLC**
429 Fourth Avenue, Suite 300
Pittsburgh, Pa 15219
(412) 626-5570 Direct
dm@manesnarahari.com