```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECRET LINCOLN                  :     CIVIL ACTION
                                :
          v.                    :
                                :
APEX HUMAN SERVICES LLC, et al. :     NO. 22-341
```

MEMORANDUM

Bartle, J.                                              June 29, 2022

Plaintiff Secret Lincoln has sued defendants Apex Human Services LLC ("Apex") and Mohamed Sesay, the chief executive officer and administrator of Apex, in this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiff, a former employee of Apex, also brings state law claims and a putative class action pursuant to the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Cons. Stat. §§ 260.1 et seq., and the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 ("PMWA").

Before the court is the motion of defendant Sesay, joined by defendant Apex, to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw

all reasonable inferences in the light most favorable to the plaintiffs.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  As the Supreme Court has explained, a complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide factual allegations "enough to raise a right to belief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

On a motion to dismiss under Rule 12(b)(6), the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,

2

998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).  The court may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

II

For present purposes, the court accepts as true the following well-pleaded facts set forth in the amended complaint.

Apex provides home health care and skilled nursing services.  It contracts with over 100 registered nurses ("RNs") and licensed practical nurses ("LPNs") to provide these services.

Apex sends its nurses to visit its clients and provide nursing care.  The nurses report their time to Apex.  Clients pay Apex directly.  The nurses do not have tax withheld from their wages but rather must submit their own self-employment tax.  They also must purchase their own malpractice and liability insurance.

Plaintiff began working as an RN for Apex in March 2019.  She signed an "independent contractor agreement" with

Apex on January 15, 2019 as a skilled nurse to be paid $32.50 an hour. Sesay signed the agreement on behalf of Apex. In December 2019 Lincoln became an RN supervisor. She held this position until she left Apex on March 31, 2020.

Plaintiff claims unpaid wages including overtime that she was owed. She seeks compensatory and liquidated damages.

### III

The FLSA prohibits an employer from employing any of its employees "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To recover on an overtime compensation claim, a plaintiff "'must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours.'" Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241-42 (3d Cir. 2014) (quoting Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013)). This requires pleading at least one "workweek in which he or she worked at least forty hours and also worked uncompensated time in excess of forty hours." Id. at 243. This standard, however, does not require that a plaintiff identify the exact dates and time that he or she worked overtime. "For instance, a plaintiff's claim that she 'typically' worked forty

4

hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would suffice." Id.

Defendants move to dismiss the amended complaint based on the alleged failure of plaintiff to meet this pleading standard set forth in Davis. Plaintiff seeks to recover compensation for overtime hours worked and alleges that Apex does not compensate its RNs and LPNs at one and one-half times their regular pay rate for those hours worked in excess of forty hours in a given workweek. Specifically, she pleads that she "worked in excess of 40 hours per week for Apex regularly" and that she was "not compensated at a rate of one-and-a-half times her normal hourly rate for overtime hours worked in excess of 40 per week." These allegations meet the standard explained in Davis to state a claim for overtime compensation under the FLSA.

Defendants also move to dismiss based on plaintiff's purported failure to file within the statute of limitations. The FLSA permits an action to enforce unpaid overtime compensation "within two years after the cause of action accrued" unless that cause of action arises "out of a willful violation" in which case it "may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "It is well settled that '[a] separate cause of action for overtime

5

compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.'" Mitchell v. Lancaster Milk Co., 185 F. Supp. 66, 70 (M.D. Pa. 1960).  A plaintiff can bring a claim for overtime earned within the two years immediately prior to filing the complaint.  See Henchy v. City of Absecon, 148 F. Supp. 2d 435, 437 (D.N.J. 2001).

Plaintiff pleads that she ended her work with Apex on March 31, 2020.  She filed the complaint in this matter on January 27, 2022.  Accepting for present purposes the March 31, 2020 date, she has filed this action within two years after the claims accrued.  Therefore, her complaint is timely.

Plaintiff, however, also alleges that defendants' violations of the FLSA were willful which, if true, would extend the time for recovery on her claim of overtime compensation back to January 27, 2019.  The Supreme Court has explained that in enacting a two-tiered statute of limitations "Congress intended to draw a significant distinction between ordinary violations and willful violations."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132 (1988).  Willful means more than negligent and instead requires that an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  Id. at 133.  The plaintiff bears

6

the burden of proof to show that a FLSA violation was willful. Jackson v. Art of Life, Inc., 836 F. Supp. 2d 226, 237 (E.D. Pa. 2011). "[I]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 324 (2d Cir. 2021).

Plaintiff fails to plead sufficient facts to support her claim that defendants' alleged violations of the FLSA were willful. She merely avers that defendants were fully aware of state and federal law but failed to classify her and others properly as employees, instead classifying all of them as independent contractors. Plaintiff makes conclusory statements that defendants willfully violated the FLSA. This is not enough to make plausible the claim that defendants knew or recklessly disregarded that their actions violated the FLSA. Negligence is not sufficient. Thus, plaintiff's claims do not qualify for the three-year statute of limitations under the FLSA. Her claims before January 27, 2020 are time-barred.

Defendants also argue that dismissal is proper because plaintiff is not similarly situated to others in the collective action, and she has not identified other potential class members. Plaintiff, however, need not plead such detailed information. In a FLSA collective action, courts must conduct a two-step certification process beginning with conditional

7

certification followed by certification-related discovery and motions for final certification or decertification.  <u>Halle v. West Penn Allegheny Health Sys. Inc.</u>, 842 F.3d 215, 224-25 (3d Cir. 2016).  The court must decide "whether those who purport to join the collective action are 'similarly situated' as intended by the statute" after conditional certification is granted and potential plaintiffs have the opportunity to opt-in. <u>Id.</u> at 224.  Plaintiff has sufficiently identified that Apex similarly treated its other RNs and LPNs to proceed.  The court will determine at a later date whether plaintiff is similarly situated to those who intend to join this action.

As to plaintiff's state law claims, "when the PMWA substantially parallels the federal [FLSA], Pennsylvania courts look to federal courts' interpretation of the parallel FLSA provision for guidance."  <u>Livi v. Hyatt Hotels Corp.</u>, 751 F. App'x 208, 210-11 (3d Cir. 2018); <u>see also</u> <u>Pa. Dep't of Labor & Indus. v. Stuber</u>, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003) <u>aff'd</u> 859 A.2d 1253 (2004).  Since plaintiff has sufficiently pleaded a claim under the FLSA, her PMWA claim remains as well.

To state a claim under the PWPCL, a plaintiff must allege that she was "contractually entitled to compensation from wages and that [she] was not paid."  <u>Sullivan v. Chartwell Inv'rs Partners, LP</u>, 873 A.2d 710, 716 (Pa. Super. Ct. 2005). Plaintiff attaches to the amended complaint and incorporates by

8

reference the "independent contractor agreement" she signed and which Sesay signed on behalf of Apex in January 2019.  This agreement states that she will be compensated at $32.50 an hour.  Plaintiff claims that she was not paid one and one-half this amount for overtime hours worked in violation of the FLSA.  Thus, her claim is properly pleaded under the PWPCL.

Finally, defendants argue that judicial estoppel applies to this matter since plaintiff previously asserted in a separate action in this court against defendants under Title VII that she was an employee rather than an independent contractor.  Judicial estoppel "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding."  Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996).  As in the earlier action, plaintiff alleges here that she is an employee of Apex but has been misclassified as an independent contractor and therefore is entitled to compensation for overtime hours worked as an employee of Apex.  This is not inconsistent with alleging that she is an employee under Title VII.  In both instances, plaintiff claims to have been an employee of Apex.

As plaintiff has properly pleaded a claim under the FLSA and under state law, this court will deny the motion of defendants to dismiss this action for failure to state a claim.