```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SECRET LINCOLN | : | CIVIL ACTION |
| v. | : | |
| APEX HUMAN SERVICES LLC, et al. | : | NO. 22-341 |

<u>MEMORANDUM</u>

Bartle, J.                                                August 25, 2022

Plaintiff Secret Lincoln has sued defendants Apex Human Services LLC ("Apex") and Mohamed Sesay, the chief executive officer and administrator of Apex, in this collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiff, a former employee of Apex, also brings state law claims and a putative class action pursuant to the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Cons. Stat. §§ 260.1 et seq., and the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 ("PMWA").

Before the court is the motion of plaintiff for leave to file a second amended collective action and class action complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

I

The facts in this matter are set forth in more detail in the court's Memorandum granting in part and denying in part

defendants' prior motions to dismiss.  See Lincoln v. Apex Human Servs. LLC, 2022 WL 2356775 (E.D. Pa. June 29, 2022).  Apex contracts with registered nurses and licensed practical nurses to provide home health care and skilled nursing services.  Plaintiff worked for Apex as a registered nurse beginning in March 2019 pursuant to an "independent contractor agreement" that she signed with Apex on January 15, 2019.  Sesay signed the agreement on behalf of Apex.  In December 2019 Lincoln became a registered nurse supervisor.  She held this position until she left Apex on March 31, 2020.

Plaintiff filed a complaint on January 27, 2022 claiming unpaid wages including overtime and seeking compensatory and liquidated damages.  Sesay filed a motion to dismiss plaintiff's complaint for failure to state a claim on March 2, 2022 which Apex joined on March 8, 2022.  The motions were dismissed as moot when plaintiff amended her complaint as of right on March 16, 2022 in response to the motions to dismiss.  See Fed. R. Civ. P. 15(a)(1).  On March 30, 2022, Sesay sought to dismiss the first amended complaint for failure to state a claim.  That same day Apex filed a motion joining the motion of Sesay to dismiss.  This time plaintiff opposed the motions to dismiss rather than seeking court approval to file a second amended complaint.

This court granted in part and denied in part defendants' motions to dismiss the first amended complaint. Specifically, the court granted the motions as related to plaintiff's claim that defendants willfully violated the FLSA. The court ruled that plaintiff failed to plead sufficient facts to support her claim that the alleged violations of the FLSA were willful. Plaintiff's remaining claims under the FLSA are subject to a two-year statute of limitations rather than the three years permitted under the FLSA for willful violations. See 29 U.S.C. § 255(a). Plaintiff's claims from before January 27, 2020 are therefore time-barred. Defendants' motions to dismiss the first amended complaint were otherwise denied.

In plaintiff's proposed second amended complaint, she includes additional allegations that defendants' violations of the FLSA were willful. She maintains that they knew or should have known that their actions, in particular the signing and substance of the "independent contractor agreement," violated the FLSA. In addition, she inserts allegations that defendants' failure to keep accurate records constitutes willful disregard for the requirements under the FLSA. Allowing the second amended complaint would give plaintiff the benefit of a three-year statute of limitations under the FLSA.

II

After amending a complaint once as a matter of course, a plaintiff may amend a complaint only with leave of court or written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While Rule 15 "embodies a liberal approach to pleading," a court may exercise its sound discretion by taking into account equitable considerations which would render leave to amend unjust. Arthur v. Maersk, Inc., 434 F.3d 196, 202-04 (3d Cir. 2006); see also Foman v. Davis, 371 U.S. 178, 182 (1962). "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." Id. at 204. Another factor is "repeated failure to cure deficiencies by amendments previously allowed." Foman, 371 U.S. at 182.

While delay alone is insufficient to justify denying leave to amend, "[d]elay may become undue when a movant has had previous opportunities to amend a complaint." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Arthur, 434 F.3d at 204.

The court is mindful that Rule 15 provides that leave to amend should be freely given "when justice so requires."

4

Fed. R. Civ. P. 15(a)(2).  Plaintiff, however, had ample opportunity in both her original complaint and her first amended complaint to include the proposed allegations of willfulness but failed to do so.  In addition, she declined to seek to amend the complaint a second time in response to defendants' March 30, 2022 motions to dismiss the first amended complaint.  Instead, she stood by her allegations and chose to oppose the motions.  Only after losing her arguments on the adequacy of her willfulness allegations did she seek another bite at the apple by moving to amend for the second time.

Furthermore, there is no indication that the allegations in the second amended complaint were unknown to plaintiff when she filed the initial complaint or first amended complaint.  In fact, the proposed allegations largely stem from the "independent contractor agreement" which plaintiff already had in her possession and attached to the first amended complaint.  Plaintiff has engaged in undue delay.

It would be unjust to allow plaintiff a third crack at a claim of willfulness.  See e.g., Cureton, 252 F.3d at 273.  The motion of plaintiff for leave to file a second amended complaint will be denied.