IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECRET LINCOLN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| APEX HUMAN SERVICES LLC and | : | |
| MOHAMED SESAY | : | NO. 22-341 |

MEMORANDUM

Bartle, J.                                              September 28, 2022

Plaintiff Secret Lincoln has sued defendants Apex Human Services LLC ("Apex") and Mohamed Sesay under the Fair Labor Standards Act ("FLSA"), 9 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333.104 et seq., and the Pennsylvania Wage Payment and Collection Law, 3 Pa.C.S.A. §260.1, et seq. She alleges that the defendants have misclassified registered nurses ("RNs"), licensed practical nurses ("LPNs"), and other providers as independent contractors, thereby denying them required overtime pay and other employee benefits. Before the court is the motion of the plaintiff for conditional collective action certification and judicial notice under Section 216(b) of the FSLA.

I

Under the FLSA, employers are required to pay qualified employees who work more than 40 hours a week time and

a half for each additional hour of work.  29 U.S.C. § 207(a)(1). If an employer fails to provide the required overtime pay, an employee can bring a representative or collective action on their behalf and on behalf of similarly situated employees. 29 U.S.C. § 216(b).

Two requirements must be met for a FLSA representative action to proceed:  "(1) class members must be similarly situated; and (2) all members must affirmatively consent to join the action."  Goldman v. RadioShack Corp., No. CIV.A. 2:03-CV-0032, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 16, 2003) (quotation marks omitted).  The statute does not include a test for determining whether employees are similarly situated, but district courts in the Third Circuit have developed a two-tiered test.  Id; see also Harris v. Healthcare Servs. Group, Inc., No. 06-2903, 2007 WL 2221411, at *2 (E.D. Pa. June 31, 2007).

The court first conducts a preliminary inquiry into whether employees are similarly situated at the beginning of the case.  Goldman, 2003 WL 21250571 at 6.  At this stage, "[a] court may conditionally certify the class for purpose of notice and discovery under a comparatively liberal standard, i.e., by determining that the members of the putative class were together the victims of a single decision, policy or plan."  Id. (citations omitted) (internal quotation marks omitted).  The plaintiff must "only provide some modest evidence, beyond pure

2

speculation, that [d]efendant's alleged policy affected other employees." Smith v. Sovereign Bancorp, Inc., No. Civ. A. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003) (citations omitted) (internal quotation marks omitted).

Once the court grants conditional certification and allows the case to proceed as a collective action, potential class members are notified and given the opportunity to opt-into the action. Id. Once the opt-in process and discovery have concluded, the court will then revisit the issue of whether class members are similarly situated in the second tier of the test, which includes a more stringent, fact-specific review of each class member. Id. This analysis can include examining "variations in employment activities, employment oversight and instruction, and discretionary powers entrusted to individual opt-in plaintiffs." Id. If the court finds that the plaintiffs are not similarly situated at this point, the court can decertify the class. Id.

In this motion, the first tier of the test is at issue.

II

Plaintiff alleges that she was employed by defendant Apex--a home healthcare service provider--as a RN from March 2019 through March 2020 and in a second position as an RN supervisor and manager starting in December 2019. She maintains

3

that she and over 100 RNs, LPNs, and other providers have been misclassified by Apex as independent contractors rather than employees.  Although these individuals are required to sign independent contractor agreements, they, according to the plaintiff, are in reality employees because they are subject to Apex's supervision and control.  They do not, for example, have any direct business relationships with Apex clients, receive payments directly from Apex clients, set their own rates, or admit or discharge clients.  Furthermore, plaintiff asserts that these individuals wear Apex identification badges and are perceived by the public as Apex employees.  The plaintiff claims that, due to this alleged misclassification, Apex has failed to provide them with overtime pay, liability and malpractice insurance, worker compensation insurance, and other benefits that they are owed.

### III

The plaintiff filed this action on behalf of her and all similarly situated workers.  She argues that preliminary conditional collective action certification is appropriate for three reasons:  (1) all workers are subject to the defendant's uniform policy of failing to pay overtime; (2) all workers were subject to the defendant's uniform policy of failing to pay overtime; and (3) the plaintiff has met the lax standard of showing that workers are similarly, not identically, situated.

To support her arguments, the plaintiff has offered three types of evidence: (1) her signed independent contractor agreement; (2) texts messages between the plaintiff and defendant Mohamed Sesay; and (3) one pay stub from 2019 and four pay stubs from 2020 showing that taxes were not withheld from her pay. She claims that this evidence is sufficient to meet the liberal standard for conditional collective action certification, which only requires the plaintiff to show "modest evidence, beyond pure speculation," that the class members are similarly situated. Smith, 2003 WL 22701017 at *3.

Several cases in the Eastern District of Pennsylvania offer examples of what modest evidence is sufficient to meet the conditional collective action certification standard. In Goldman, for example, a plaintiff who was alleging that RadioShack employees were misclassified as store managers filed his own affidavit and the affidavits of four other former store managers that all described a lack of managerial responsibilities in their job activities. 2003 WL 21250571 at *1. The seven named plaintiffs in Felix De Asencio v. Tyson Foods, Inc., who alleged that their employer failed to pay them the minimum hourly rate and overtime, included declarations from four of them that "allegedly show[ed] a consistent pattern of unpaid work . . . ." 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001). In Harris, employees of a healthcare group claimed that they

5

were denied overtime pay and presented evidence that seven out of twenty-nine potential class members were in the same circumstances.  2007 WL 2221411 at *3.  The plaintiffs in all three cases presented some evidence, typically through affidavits or declarations, of how their individual situation was like that of other proposed class members.

The plaintiff, in contrast, has not presented any evidence showing that she is similarly situated to other proposed class members.  The plaintiff merely alleges that there are over 100 Apex workers who are misclassified as independent contractors and denied overtime pay.  The evidence she provides is specific only to her situation.  The plaintiff provides <u>her</u> contract, text messages between <u>her</u> and the defendant, and <u>her</u> pay stubs.  None of this evidence references any other worker. As a result, the plaintiff has failed to provide even minimal evidence that she and the proposed class members are similarly situated.

Accordingly, the motion of the plaintiff for FLSA conditional collective action certification and judicial notice will be denied.